IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELVIS MOTA, #53342-054                                                                  PETITIONER

VERSUS                                                 CIVIL ACTION NO. 5:11-cv-79-DCB-RHW

WARDEN VANCE LAUGHLIN, et al.                                                  RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Mota, an inmate of the Bureau of Prisons currently incarcerated at the Adams County Correctional Center, Natchez, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on May 19, 2011.  Upon liberal review of the Petition, the Court has reached the following conclusions.

**I. Background**

Petitioner was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York.  *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007).  As a result, Petitioner was sentenced to serve 130 months in the custody of the Bureau of Prisons, followed by a 4 - year term of supervised release.  Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit.  See *U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

On April 22, 2009, Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court construed as a  Motion to Vacate pursuant to 28 U.S.C. § 2255.  The Motion was dismissed by the Southern District of New York as time- barred.  See *Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009).  On July 15,

2010, Petitioner filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit.  *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010).  On January 25, 2011, the Second Circuit denied Petitioner permission to proceed with the second or successive petition.  *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).

Petitioner also filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1986, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that various officials violated his federally protected rights when he was arrested, searched, subsequently prosecuted, and convicted.  The Southern District of New York dismissed Petitioner's claims, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011).[1]

In the habeas petition before the Court, Petitioner reasserts the allegations he previously presented to the Southern District of New York and the Second Circuit, which in sum are:  (1) unconstitutional arrest and search by federal agents and (2) unconstitutional prosecution and conviction, culminating in his current unlawful imprisonment.  Petitioner further complains that an immigration detainer was incorrectly lodged against him because it is based on his illegal conviction and sentence.  Pet. [1], at 6.   Petitioner also alleges that his constitutional right of access to the courts has been violated by a conspiracy between two Assistant United States Attorneys and prison officials.  *Id.* at 7.  Specifically, Petitioner claims that he is receiving

---

[1] Plaintiff also filed a case involving the same facts under the Federal Tort Claims Act, which was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Mota v. USA*, No. 1:10-cv-9623 (S.D.N.Y. Feb. 23, 2011).

"fictitious legal mails created ridiculously" by two of the Assistant United States Attorneys involved in his criminal case.[2] *Id.* As relief in this suit, Petitioner is requesting the restoration of his "liberty" *Id.* at 8.

## II. Analysis

Initially, the Court notes that an inmate in custody may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to 28 U.S.C. § 2255. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted). Petitioner's claims regarding his arrest, prosecution and conviction do not challenge the execution of his federal sentence but instead attack the validity of his federal conviction and sentence. Since any alleged constitutional violations regarding Petitioner's arrest and prosecution "occurred during or before sentencing," they are not the properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.). The Fifth

---

[2]As an example of the alleged mail conspiracy, Petitioner cites his belief that the September 9, 2010, transfer order of the Southern District of New York, actually transferred his § 2241 petition to this Court. In reality, the referenced transfer order deemed Petitioner's § 2241 petition to be an unauthorized second or successive § 2255 motion, and transferred the case to the Second Circuit for the requisite authorization. *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010).

Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Mota bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").  After thorough consideration of the relevant case law and Petitioner's pleadings, the Court finds that Petitioner Mota has failed to satisfy the test for filing this Petition under the savings clause of 28 U.S.C. § 2255.

In addition, the Court finds that Petitioner's allegations regarding the immigration detainer are strictly directed at the validity of the detainer itself, *i.e.,* the detainer is unlawful because it is based on an unlawful conviction.  As explained above, the unlawfulness of Petitioner's conviction and sentence are not pursuable under § 2241, and Petitioner fails to meet the requirements of the savings clause.  Furthermore, the issuance of an immigration detainer does not place Petitioner Mota "in custody" for purposes of 28 U.S.C. § 2241. *See Zamarripa-Torres v. BICE*, No. 09-60162, 2009 WL 2981901, *1 (5th Cir. 2009)(citing *Zolicoffer v. United*

*States DOJ,* 315 F.3d 538, 541 (5th Cir. 2003)).[3]

To the extent Petitioner is claiming he was unconstitutionally denied access to the courts, the Court notes that Petitioner already litigated these claims before the Southern District of New York in his *pro se* case assigned civil action number 1:10-cv-9543.  As stated above, the District Court dismissed Petitioner's claims, with prejudice, on May 3, 2011.  *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011).  In the event Petitioner is attempting to assert new or recent claims regarding the conditions of his confinement at the Natchez prison facility, the Court notes that a petition for habeas corpus relief is not the proper forum to assert such claims.  *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976)("Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."); *Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir.1994) ("Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement.").[4]

## III. Conclusion

In sum, Petitioner is challenging the validity of his conviction and sentence in the instant Petition, he fails to satisfy the requirements of the savings clause, and he is not in custody for purposes of the immigration detainer, thus the Court is without jurisdiction to consider the claims

---

[3] Although Petitioner does not claim that a final order of deportation or removal has been issued, the Court notes that "the REAL ID has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa-Torres v. BICE*, No. 09-60162, 2009 WL 2981901, *1 (5th Cir.2009)(citing *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir.2005)).  A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id*.

[4] The Court does not reach a determination of the viability of any possible conditions claims; nonetheless, the Clerk is directed to mail Petitioner a packet of civil complaint forms for prisoner's filing *pro se* challenges to the conditions of their confinement.

brought in this § 2241 petition. *See* § 2255(e); *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Therefore, this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as to the jurisdictional issue only, and without prejudice in all other respects. *See Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  20th  day of October, 2011.


                            s/ David Bramlette  
                          UNITED STATES DISTRICT JUDGE